TROUTMAN SANDERS LLP
Kevin F. Kieffer, Bar No. 192193
kevin.kieffer@troutman.com
Ryan C. Tuley, Bar No. 198249
ryan.tuley@troutman.com
Debbie H. Kim, Bar No. 292484
debbie.kim@troutman.com
5 Park Plaza, Suite 1400
Irvine, CA  92614-2545
Telephone:     949.622.2700
Facsimile:     949.622.2739

Attorneys for Plaintiffs
HARTFORD CASUALTY INSURANCE
COMPANY and SENTINEL INSURANCE
COMPANY, LIMITED

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LIMITED,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR:**<br><br>**(1) EQUITABLE CONTRIBUTION;**<br><br>**(2) EQUITABLE INDEMNITY;**<br><br>**(3) EQUITABLE SUBROGATION**<br><br>**DEMAND FOR JURY TRIAL** |

COMPLAINT

Plaintiffs Hartford Casualty Insurance Company ("Hartford") and Sentinel Insurance Company, Limited ("Sentinel") (collectively referred to herein as the "Hartford Plaintiffs") bring this Complaint against Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union"). The Hartford Plaintiffs are informed and believe and therefore allege as follows:

**JURISDICTION**

1. Hartford is now, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Indiana, with its principal place of business in Indianapolis, Indiana. Hartford is, and at all relevant times was, authorized to transact in the business of insurance in the State of California. Hartford is a citizen of Indiana within the meaning of 28 U.S.C. § 1332(c)(1).

2. Sentinel is now, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut. Sentinel is, and at all relevant times was, authorized to transact in the business of insurance in the State of California. Sentinel is a citizen of Connecticut within the meaning of 28 U.S.C. § 1332(c)(1).

3. The Hartford Plaintiffs are informed and believe and thereon allege that National Union is now, and at all relevant times was, a corporation duly organized and existing under the laws of the State of Pennsylvania, with its principal place of business in New York, New York. The Hartford Plaintiffs are informed and believe and thereon allege that National Union is, and at all relevant times was, authorized to transact in the business of insurance in the State of California. Based upon the foregoing, National Union is a citizen of Pennsylvania and New York within the meaning of 28 U.S.C. § 1332(c)(1).

4. The amount in controversy exceeds $75,000, exclusive of interest and costs, and represents sums the Hartford Plaintiffs seek in this action for reimbursement of fees and costs incurred in connection with the defense of the Hartford Plaintiffs' and National Union's mutual insured, Richard B. Teed ("Teed"), in an underlying action entitled, *Moore v. Richard Burden Teed, et al.*, San Francisco County Superior Court Case No. CGC-13-533313 (the "Underlying Action")

and the appeal thereof, filed December 8, 2017 and pending before the California Court of Appeal, Division One, Case No. A153523 (the "Underlying Appeal")(collectively, the "Underlying Action and Appeal"). As of September 13, 2019, the Hartford Plaintiffs have paid in excess of $1,100,000 in post-tender fees and costs, under a full reservation of rights, for Teed's defense in the Underlying Action and Appeal. The Hartford Plaintiffs are continuing to incur additional fees and costs in connection with the defense of the Underlying Action and Appeal. The Hartford Plaintiffs are informed and believe and thereon allege that National Union has improperly refused to fully defend and indemnify Teed and has only made certain partial and belated payments toward Teed's defense.

5.  This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity as between all plaintiffs and the defendant, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**VENUE**

6.  Venue properly lies with this Court pursuant to 28 U.S.C. § 1391(b)(2) and Civil Local Rule 3-2, as a substantial part of the events or omissions giving rise to the claims at issue in this litigation occurred in this judicial district within the State of California. Further, the Underlying Action and the Underlying Appeal were filed in courts located in San Francisco, California.

**INTRADISTRICT ASSIGNMENT**

7.  Pursuant to Local Rule 3-2(c) and (d), it is appropriate to assign this case to the San Francisco Division because this action arose in the County of San Francisco, and a substantial part of the events which give rise to this action occurred within the County of San Francisco.

**INTRODUCTION**

8.  In this action, the Hartford Plaintiffs seek, *inter alia*, an award against National Union for the reimbursement of fees and costs the Hartford Plaintiffs have paid and may additionally pay during the pendency of this litigation, for the defense of the parties' mutual insured, Teed, in the Underlying Action and Appeal. The Hartford Plaintiffs are informed and believe and thereon allege that although National Union has acknowledged its duty to defend Teed, National Union has failed to timely pay all defense fees and costs owed under that duty. As such, National Union has refused, without proper basis, to discharge its duty to provide an immediate,

full, complete, and contemporaneous defense to Teed in the Underlying Action and Appeal. As a result, while otherwise under no obligation to do so, the Hartford Plaintiffs paid fees and costs incurred to defend Teed, subject to a reservation of rights. These defense payments should not have been borne by the Hartford Plaintiffs and should be reimbursed to the Hartford Plaintiffs by National Union, with interest thereon at the prescribed legal rate.

## GENERAL ALLEGATIONS

### A. The Hartford and Sentinel Insurance Policies

9. Hartford and Sentinel each issued respective business liability insurance policies bearing policy number 76SBURR1734 to Richard B. Teed, for a collective policy period effective from May 22, 2010 to November 19, 2014, for Teed's business as a "Real Estate Agency" and affording coverage, in relevant part, for "property damage" as defined under the policies, which contain exclusions including but not limited to those precluding coverage for: any claim arising out of a contractual agreement entered into by the insured; damages resulting from "professional services"; and damage to and/or arising out of the insured's own work product.

10. Of the foregoing policies, Hartford issued the two policies for the policy period effective May 22, 2010 to 2011 and the policy period effective May 22, 2011 to May 22, 2012. Sentinel issued three policies, for the policy period effective May 22, 2012 to 2013 and the subsequent policy periods effective May 22, 2013 to November 19, 2014. By operation of "Limitation of Coverage – Real Estate Operations" Endorsements, with respect to real estate operations, the two policies for the May 22, 2011 to 2013 policy periods limit coverage for "property damage" to that which arises out of the ownership, operation, maintenance or use of premises listed and/or shown by Teed for sale or rental. The policies for the May 22, 2011 to 2013 policy periods contain "Other Insurance" clauses. The two policies also exclude, *inter alia*, coverage for "property damage" arising out of the rendering of or failure to render any professional service.

//
//
//

**B. The National Union Insurance Policy**

11.  The Hartford Plaintiffs are informed and believe and thereon allege that Defendant National Union issued to NRT, LLC, professional liability insurance policy number 01-466-45-14, effective December 17, 2012 to December 17, 2013 ("National Union Policy").  On information and belief, the Hartford Plaintiffs allege that the National Union Policy contains a $15 million each claim limit with a $1 million Self-Insured Retention.

12.  The Hartford Plaintiffs are informed and believe and thereon allege that Sotheby's International Realty, Inc. ("Sotheby's") is a subsidiary of NRT, LLC and an insured under the National Union Policy. The Hartford Plaintiffs are informed and believe and thereon allege by reason of the declarations, definitions, and/or endorsements in the National Union Policy, as well as by reason of a contract(s) between Teed and Sotheby's, that Teed is an insured under the National Union Policy for purposes of the insuring agreement(s) therein and with respect to the Underlying Action and Underlying Appeal.

13.  National Union is in possession of the National Union Policy and knows the terms and contents thereof to an equal or greater extent than the Hartford Plaintiffs.  On information and belief, the Hartford Plaintiffs allege the National Union Policy provides, in part, an agreement by National Union to defend any insured from and against suits for wrongful acts potentially covered under the National Union Policy and/or to pay any amounts the insureds are legally obligated to pay as covered damages with respect to wrongful acts in rendering or failing to render "professional services," as that term may be defined under the policy.  The Hartford Plaintiffs are further informed and believe and thereon allege that the National Union Policy also obligates National Union to defend against allegations of intentional conduct, such as intentional misrepresentation, until final adjudication of such allegations against an insured.

**C. The Underlying Action and Appeal and the Hartford Plaintiffs' Defense Thereof**

14.  The Underlying Action arises out of the purchase and remodel of a home located at 2747 Green Street in San Francisco, California. In the Underlying Action, Justin Moore ("Moore") alleged that in May 2011, Teed, a licensed real estate agent then-contracted with Sotheby's, and in connection with the professional services provided, induced Moore to purchase the home ("Moore

Property") in reliance on a promise that Teed and his team would perform and oversee renovations to the Moore Property for a maximum cost of $900,000. Escrow on the Moore Property closed on or about May 24, 2011. At no time relevant to the Hartford Policies was the Moore Property listed or shown for sale and/or rental by Teed. Moore alleged that in addition to Teed, Teed's team included Sotheby's and Teed Haze Development, LLC ("THD"). Moore alleged that Teed was a member and manager of THD, which was responsible, along with others, for the design, construction, and contract administration for the renovations to the Moore Property. Work on the Moore Property allegedly began in September 2011.

15. Upon the alleged discovery that Teed and his team's work on the Moore Property was not being performed according to design plans, Moore filed the Underlying Action in San Francisco County Superior Court on August 2, 2013 against Teed, Sotheby's, THD, and other entities including, in part, engineers, contractors, and their sureties, for various causes of action. As against Teed, Moore brought causes of action for breach of contract, intentional misrepresentation, negligent misrepresentation, negligence, breach of fiduciary duty, negligence per se, and violation of Business and Professions Code section 17200 for acting in the capacity of a contractor without a license. Other parties, including contractors, filed Cross-Complaints setting forth causes of action against Teed.

16. On or about April 29, 2014, through his then-counsel, Brian E. Soriano of the Law Office of Brian E. Soriano (collectively, "Soriano"), Teed tendered the Underlying Action to the Hartford Plaintiffs, seeking a defense and indemnity thereof. By correspondence dated July 15, 2014, the Hartford Plaintiffs agreed to provide a defense to Teed, subject to a full and complete reservation of rights, in the Underlying Action under policy number 76SBURR1734 issued to Teed for the two policy periods effective May 22, 2011 to 2013 ("Hartford Policies"). The Hartford Plaintiffs retained defense counsel, Roger Raphael, Esq. and his firm, Lewis, Brisbois, Bisgaard and Smith, LLP ("Lewis Brisbois"), to represent Teed in the Underlying Action.

17. Following a jury trial and verdict in the Underlying Action, an amended judgment was entered on or about December 1, 2017 in the amount of $3,153,254.38 plus interest in favor of Moore and against Teed for damages, attorneys' fees, and prevailing party costs on the causes of

action for intentional misrepresentation, negligent misrepresentation, negligence, breach of fiduciary duty, and negligence per se. Moore did not prevail against Teed on the causes of action for breach of contract and breach of Business and Professions Code section 17200. Moore also did not prevail as against an engineer, Hom-Pisano Engineering, Inc., and THD. None of the claims against Sotheby's in the Underlying Action proceeded to trial.

18. On or about December 8, 2017, Teed filed the Underlying Appeal with respect to the award of damages in the Underlying Action.

19. The Hartford Plaintiffs funded Teed's defense of the Underlying Action and Appeal for fees and costs incurred from the April 29, 2014 date of tender, onward. More specifically, the Hartford Plaintiffs paid fees and costs incurred for Teed's defense of the Underlying Action through Soriano, from the April 29, 2014 date of tender until August 28, 2014, when the Hartford Plaintiffs retained Lewis Brisbois to defend Teed. The Hartford Plaintiffs then paid fees and costs incurred through Lewis Brisbois for Teed's defense of the Underlying Action and Appeal. At Teed's request, the Hartford Plaintiffs also retained California Appellate Law Group to represent Teed in the Underlying Appeal. As such, under the Hartford Policies, the Hartford Plaintiffs have paid Teed's post-tender defense fees and costs incurred by retained counsel in the Underlying Action and Appeal, in an amount that exceeds $1.1 million. Additional amounts continue to incur, and the Hartford Plaintiffs may pay further sums during the pendency of this litigation.

**D. National Union's Failure to Satisfy Its Duty to Defend**

20. While National Union is in possession of the relevant communications regarding the Underlying Action and the disputes therein and knows their contents to a greater extent than the Hartford Plaintiffs, the Hartford Plaintiffs are informed and believe and thereon allege that on or about July 30, 2013, NRT, LLC timely notified National Union of the claims related to the Underlying Action. The Hartford Plaintiffs are further informed and believe and thereon allege that during the pendency of the Underlying Action, National Union agreed to defend Sotheby's under the National Union Policy. The Hartford Plaintiffs are informed and believe and thereon allege that Sotheby's and/or Teed incurred defense fees and costs in the Underlying Action satisfying, in whole or in part, any applicable Self-Insured Retention of the National Union Policy.

21. The Hartford Plaintiffs are informed and believe and thereon allege that pursuant to the terms of the National Union Policy, National Union has had a duty to defend, settle, and indemnify Teed in the Underlying Action, which from its outset sought damages for allegations potentially covered under the National Union Policy, including but not limited to allegations against Teed with respect to professional services.

22. The Hartford Plaintiffs are informed and believe and thereon allege that National Union acknowledged Teed's status as an insured under the National Union Policy. The Hartford Plaintiffs are informed and believe and thereon allege that National Union has also acknowledged its duty to defend Teed in the Underlying Action and Appeal. On information and belief, the Hartford Plaintiffs further allege that National Union reimbursed Teed for fees and costs incurred for Teed's defense through Soriano, to the extent that such fees and costs were not already paid by the Hartford Plaintiffs. National Union, however, has neither fully defended nor indemnified Teed as required under the National Union Policy and applicable law.

23. The Hartford Plaintiffs are informed and believe and thereon allege that in reliance on an improper and/or inexcusable basis, National Union failed to provide Teed with an immediate, full, complete, and contemporaneous defense of the Underlying Action and Underlying Appeal as afforded under the National Union Policy.

## COUNT I

**(Equitable Contribution By All Plaintiffs Against the Defendant)**

24. The Hartford Plaintiffs hereby re-allege and incorporate by reference each allegation contained above in Paragraphs 1 through 23 of this Complaint as though fully set forth herein.

25. The Hartford Plaintiffs are informed and believe and thereon allege that National Union was timely notified of the claims giving rise to the Underlying Action, as well as the Underlying Action itself.

26. The Hartford Plaintiffs are informed and believe and thereon allege that the National Union Policy, pursuant to its terms and conditions, is a professional liability policy that provides an agreement to undertake the duty to defend Teed, an insured, against suits for wrongful acts. The Hartford Plaintiffs are further informed and believe and thereon allege that the National Union

Policy also obligates National Union to defend against allegations of intentional conduct, such as intentional misrepresentation, until final adjudication of such allegations against an insured.

27. The Hartford Plaintiffs are informed and believe and thereon allege that the Underlying Action sets forth claims against Teed for damages potentially covered under the National Union Policy but not under the Hartford Policies. As such, National Union is obligated to participate in and furnish a full defense on behalf of Teed for the allegations in the Underlying Action and Appeal. These obligations require National Union to immediately undertake Teed's complete defense and pay for all fees and costs incurred to defend the claims, demands, actions and causes of action asserted against Teed in the Underlying Action, through appeal, and including any appeal bond. National Union's obligations also include the duty to meaningfully participate in settlement negotiations and settle the Underlying Action and/or Underlying Appeal on behalf of Teed.

28. The Hartford Plaintiffs are informed and believe and thereon allege that National Union acknowledged its duty to defend Teed in the Underlying Action and Appeal. On information and belief, the Hartford Plaintiffs further allege that National Union reimbursed Teed for fees and costs incurred for Teed's defense, to the extent that such fees and costs were not already paid by the Hartford Plaintiffs. National Union, however, has neither fully defended nor indemnified Teed as required under the National Union Policy and applicable law.

29. The Hartford Plaintiffs are informed and believe and thereon allege that on an improper and/or inexcusable basis, National Union failed to discharge its duty to provide an immediate, full, complete, and contemporaneous defense to Teed in the Underlying Action and Appeal. National Union also failed to participate in meaningful settlement negotiations and settle the Underlying Action on behalf of Teed.

30. The Hartford Plaintiffs are informed and believe and thereon allege that all conditions precedent to National Union's obligations under the National Union Policy have been satisfied, waived, and/or excused. National Union's obligation to defend Teed is therefore currently due and owing.

//

- 9 -                                                                                   COMPLAINT

31.     As a result of National Union's failure to satisfy its obligation to defend Teed under the National Union Policy, the Hartford Plaintiffs paid sums incurred for Teed's defense that they otherwise would not have incurred.  Under the terms of the Hartford Policies, the Hartford Plaintiffs do not have a duty to defend Teed in the Underlying Action and Appeal.  The defense fees and costs the Hartford Plaintiffs paid under the Hartford Policies subject to a full reservation of rights should have therefore been paid by National Union.

32.     National Union's failure to discharge its defense obligations under the National Union Policy is wrongful and has caused an inequitable result.  Therefore, the Hartford Plaintiffs are entitled to an award of equitable contribution from National Union for reimbursement of fees and costs paid for Teed's defense in the Underlying Action and Appeal, with interest thereon at the prescribed legal rate.

## COUNT II

### (Equitable Indemnity By All Plaintiffs Against the Defendant)

33.     The Hartford Plaintiffs hereby re-allege and incorporate by reference each allegation contained above in Paragraphs 1 through 32 of this Complaint as though fully set forth herein.

34.     The Hartford Plaintiffs are informed and believe and thereon allege that the Underlying Action sets forth claims against Teed for damages potentially covered under the National Union Policy but not under the Hartford Policies.  As such, National Union is obligated to participate in and furnish a full defense on behalf of Teed for the allegations in the Underlying Action and Appeal.  These obligations require National Union to immediately undertake Teed's complete defense and pay for all fees and costs incurred to defend the claims, demands, actions and causes of action asserted against Teed in the Underlying Action, through appeal, and including any appeal bond.  National Union's obligations also include the duty to meaningfully participate in settlement negotiations and settle the Underlying Action and/or Underlying Appeal on behalf of Teed.

35.     The Hartford Plaintiffs are informed and believe and thereon allege that National Union acknowledged its duty to defend Teed in the Underlying Action and Appeal. On information and belief, the Hartford Plaintiffs further allege that National Union reimbursed Teed for fees and

costs incurred for Teed's defense, to the extent that such fees and costs were not already paid by the Hartford Plaintiffs. National Union, however, has neither fully defended nor indemnified Teed as required under the National Union Policy and applicable law.

36. As a result of National Union's failure to satisfy its obligation to defend Teed under the National Union Policy, the Hartford Plaintiffs paid sums incurred for Teed's defense that were owed by National Union and which should have been paid by National Union. Under the terms of the Hartford Policies, the Hartford Plaintiffs do not have a duty to defend Teed in the Underlying Action and Appeal. The defense fees and costs the Hartford Plaintiffs paid under the Hartford Policies subject to a full reservation of rights should have therefore been paid by National Union.

37. National Union's failure to discharge its defense obligations under the National Union Policy is wrongful and has caused an inequitable result. Therefore, the Hartford Plaintiffs are entitled to an award of equitable indemnity from National Union for reimbursement of fees and costs paid for Teed's defense in the Underlying Action and Appeal, with interest thereon at the prescribed legal rate.

## COUNT III

**(Equitable Subrogation By All Plaintiffs Against the Defendant)**

38. The Hartford Plaintiffs hereby re-allege and incorporate by reference each allegation contained above in Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

39. The Hartford Plaintiffs are informed and believe and thereon allege that National Union acknowledged its duty to defend Teed in the Underlying Action and Appeal. On information and belief, the Hartford Plaintiffs further allege that National Union reimbursed Teed for fees and costs incurred for Teed's defense, to the extent that such fees and costs were not already paid by the Hartford Plaintiffs. National Union, however, has neither fully defended nor indemnified Teed as required under the National Union Policy and applicable law.

40. As a result of National Union's failure to satisfy its obligation to defend Teed under the National Union Policy, the Hartford Plaintiffs paid sums incurred for Teed's defense that were owed by National Union and which in equity should have been paid by National Union. Under the terms of the Hartford Policies, the Hartford Plaintiffs do not have a duty to defend Teed in the

Underlying Action and Appeal. The defense fees and costs the Hartford Plaintiffs paid under the Hartford Policies subject to a full reservation of rights should have therefore been paid by National Union.

41. National Union's failure to discharge its defense obligations under the National Union Policy is wrongful and has caused an inequitable result. The Hartford Plaintiffs are entitled to relief for payment of defense fees and costs that in equity, the Hartford Plaintiffs were not primarily liable therefor. The Hartford Plaintiffs are thus entitled to an award of equitable subrogation from National Union for reimbursement of fees and costs paid for Teed's defense in the Underlying Action and Appeal, with interest thereon at the prescribed legal rate.

## PRAYER FOR RELIEF

WHEREFORE, the Hartford Plaintiffs pray for the following relief and for judgment against National Union as follows:

### COUNT I

1. For general damages subject to proof at trial;
2. For prejudgment interest;

### COUNT II

3. For general damages subject to proof at trial;
4. For prejudgment interest;

### COUNT III

5. For general damages subject to proof at trial;
6. For prejudgment interest;

### ALL COUNTS

7. For costs of suit herein; and
8. For such other relief as this Court deems just and proper.

### JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, the Hartford Plaintiffs hereby demand trial by jury on any and all issues triable by jury.

//

| | |
|---|---|
| Dated: October 4, 2019 | TROUTMAN SANDERS LLP |
| | By:/s/Kevin F. Kieffer |
| | Kevin F. Kieffer |
| | Attorney for Plaintiffs |
| | HARTFORD CASUALTY INSURANCE COMPANY and SENTINEL INSURANCE COMPANY, LIMITED |